ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF LAFOURCHE
PER CURIAM:
L Rehearing granted for the limited purpose of clarifying that the open-air canine sniff of the exterior of the vehicle in this matter comported -with Rodriguez v. United States, — U.S. -, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015), because it was-conducted during a lawful traffic stop and not within a timeframe exceeding that reasonably necessary to conclude the matter for which the officer initiated the stop. See also Illinois v. Caballes, 543 U.S. 405, 409, 125 S.Ct. 834, 838, 160 L.Ed.2d 842 (2005) (where lawful traffic stop was not extended beyond time necessary to issue warning ticket and conduct ordinary inquiries incident to such a stop, another officer’s arrival while stop was in progress and use of a narcotics-detection canine to sniff the exterior of the subject vehicle did not infringe on Fourth Amendment' rights). Moreover, the officer here was justified in performing an open-air canine sniff of the vehicle’s exterior once the officer observed defendant (a passenger in the vehicle) surreptitiously attempt to conceal a bag inside the passenger compartment which was within view from outside the vehicle. Cf. United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 2644-45, 77 L.Ed.2d 110 (1983) (external sniff of vehicle by narcotics canine not a search | ¿under Fourth Amendment). Under these circumstances, the trial court abused its discretion when it granted the motion to suppress the contraband discovered as a result of the canine alerting during the sniff search.